The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KNOCKFIERNA, LLC,

    Plaintiff,

v.

CITY OF SHELTON,

    Defendant.

Case No. 3:24-cv-5873-BJR

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

This case arises from actions taken by Defendant City of Shelton ("the City") regarding building permit applications filed by Plaintiff Knockfierna, LLC ("Knockfierna") over the course of several years. Now pending before this Court are cross-motions for summary judgment. Having reviewed the materials and the relevant legal authorities, the Court will deny Knockfierna's motion and grant the City's motion. The Court also finds that the City is entitled to reasonable costs and attorney's fees pursuant to RCW § 64.40.020. The reasoning for the Court's decision follows.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

- 1

## II.     BACKGROUND

In 2016, Knockfierna acquired an old warehouse building in Shelton, Washington. Hill Decl. ¶ 4, Dkt. No. 21. Knockfierna began altering the building to convert it into a cannabis production facility. *Id.*

In 2020, Knockfierna applied for new building permits to continue alterations. Duggan Decl. ¶ 8, Dkt. No. 18-2. The City identified various issues concerning the permit applications, which led to a series of disagreements between the City and Knockfierna. *See id.* ¶¶ 7-10; Hill Decl. ¶¶ 5-17.

After about two years of back-and-forth communications, in April 2022, former Shelton Community Development Director Mark Ziegler sent a letter to Knockfierna detailing the City's position as to various disputed issues of building code interpretation. Pl.'s Attach. 1, Dkt. No. 18-2. Ziegler purported to address the "substantive comments" provided by Knockfierna in a prior communication, as Ziegler believed "they dictate[d] the path forward in the other comments." *Id.* Ziegler concluded, "I hope the additional information provides clarity to the City's review of the provided construction documents. An appeal process is codified in Shelton Municipal Code Section 18.05.010." *Id.*

About four months later, Knockfierna responded with a letter that reiterated Knockfierna's arguments regarding the applicable Shelton Municipal Code ("SMC") provisions. Pl.'s Attach. 2, Dkt. No. 18-2. Knockfierna acknowledged the appeal language from the April 2022 letter but stated that Knockfierna was not aware that the City's position was "final" because the April 2022 letter referred to "dictat[ing] a path forward." *Id.*

Around January 20, 2023, Shelton Community Development Director Jae Hill sent Knockfierna a letter titled "City of Shelton permit application for Knockfierna Cannabis Facility,

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
- 2

1  Notice of Impending Denial." Pl.'s Attach. 3, Dkt. No. 18-2. Hill noted that Knockfierna still had
2  not addressed the concerns raised in the April 2022 letter and reiterated the "outstanding issues" to
3  be resolved and "outstanding deliverables" required by the City for Knockfierna to move forward
4  in the permitting process. *Id.* Hill also noted that Knockfierna had failed to timely appeal the City's
5  building code interpretations, as provided in the April 2022 letter. *Id.* Additionally, Hill stated that
6  the City would issue a formal denial of the permit applications in sixty days unless the City received
7  the requested information and corrections. *Id.*

8  Knockfierna responded to the January 2023 letter by asserting that it had already responded
9  to the City's concerns and provided much of the information requested by the City. Pl.'s Attach. 4,
10 Dkt. No. 18-2. Hill followed up with a request that Knockfierna produce the materials that the City
11 had purportedly overlooked. *Id.* Knockfierna sent the City a binder of materials. Pl.'s Attach. 5,
12 Dkt. No. 18-2.

13 On October 9, 2023, Hill informed Knockfierna by email that the City received the binder
14 but the "binder contained simply a collection of communications back-and-forth with the City"
15 rather than the requested materials. *Id.* In conclusion, Hill wrote, "As such, the permits are
16 materially deficient and have expired. Your clients may resubmit for building permit approval
17 pursuant to current development regulations." *Id.*

18 Ten days later, Knockfierna responded by email: "If your email dated October 9 [] is a final
19 denial letter, then this email is your notice that Knockfierna hereby gives notice of an appeal." Pl.'s
20 Attach. 6, Dkt. No. 18-2. That same day, the City responded by email with information regarding
21 the administrative appeals process. *Id.* Knockfierna filed an administrative appeal on October 30,
22 2023. Pl.'s Attach. 7, Dkt. No. 18-2. The appeal was denied as untimely because it was not filed
23 within ten days of Hill's October 9 email. Def.'s Ex. M, Dkt. No. 21-13.

24 ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
25 - 3

1   Knockfierna filed the instant action in Washington state court in September 2024. Compl.,
2   Dkt. No. 1-1. The action was removed to this Court. Ntc. of Removal, Dkt. No. 1. Knockfierna sets
3   forth claims for a writ of mandamus pursuant to RCW § 7.16.160 and statutory damages pursuant
4   to RCW § 64.40.020. Amended Compl. ¶¶ 34-54, Dkt. No. 14. Knockfierna also sets forth claims
5   for due process violations pursuant to 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments, and
6   the Washington State Constitution. *Id.* ¶¶ 55-73.

7   Knockfierna now moves for summary judgment on all claims. Pl.'s Mot., Dkt. No. 18. The
8   City also moves for summary judgment on all claims. Def.'s Resp. & Cross-Mot., Dkt. No. 20.
9   Additionally, the City requests an order finding that the City is the "prevailing party" on
10  Knockfierna's RCW § 64.40.020 claim, and thus, the City is entitled to reasonable costs and
11  attorney's fees. *Id.* at 16.

### III.   LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Acct. No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). On cross-motions

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
- 4

for summary judgment, the court must consider each motion separately to determine whether either party has met its burden with the facts construed in the light most favorable to the other. *See* Fed. R. Civ. P. 56; *see also Fair Housing Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (noting the court's responsibility to determine whether disputed issues of material fact are present).

## IV. DISCUSSION

### A. Knockfierna is Not Entitled to a Writ of Mandamus

Knockfierna argues that the City's failure to adhere to the SMC's mandatory timelines for processing building permit applications necessitates the issuance of a writ of mandamus to compel the City to process Knockfierna's applications. Pl.'s Mot. at 9-15. A writ of mandamus is "a rare and extraordinary remedy." *Colvin v. Inslee*, 195 Wn.2d 879, 890-91 (2020). A court may issue a writ of mandamus "to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." RCW § 7.16.160.

Knockfierna is not entitled to a writ of mandamus. The City made a final decision on Knockfierna's building permits on October 9, 2023. It is true that Hill's October 9 email did not use the words "decision" or "final." *See* Pl.'s Attach. 5. But even if the October 9 email was not a clearly final decision, any ambiguity was resolved when the City followed up with Knockfierna by providing information regarding the appeals process. *See* Pl.'s Attach. 6.

Knockfierna's own act of filing an administrative appeal also contradicts Knockfierna's claim that the City never processed the relevant permit applications or issued a final denial. *See* Pl.'s Attach. 7. Indeed, Knockfierna alleged in its administrative appeal that, on October 19, 2023, Hill sent an email to Eric Carlson, Knockfierna's counsel at the time, informing him "of the City's

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

- 5

*final denial* of the building permit C246-20 along with the statutory-required notice of appeals process and name of board of appeals and/or the hearing examiner." *Id.* at 37. Whether the City improperly delayed processing of Knockfierna's applications is irrelevant. The Court cannot compel performance of something that has already occurred. *See Wiklem v. City of Camas*, 31 Wn. App. 2d 575, 586 (2024). Accordingly, the City is entitled to summary judgment on Knockfierna's mandamus claim.

### B. Knockfierna is Not Entitled to Damages Pursuant to RCW § 64.40.020

Under RCW § 64.40.020, project permit applicants may be entitled to damages "from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law." RCW § 64.40.020. Knockfierna asserts violations of RCW § 64.40.020 based on (1) delays in issuing Knockfierna's permit applications; (2) the imposition of improper permit conditions; and (3) the City's failure to provide Knockfierna with specific written reasons for not approving its permit applications. Pl.'s Mot. at 16-19. Knockfierna fails to establish that it is entitled to damages for any of these reasons.

#### 1. Knockfierna's Claim for Delay in Issuing Permits is Time-Barred

Claims asserted pursuant to RCW § 64.40 "shall be commenced only within thirty days after all administrative remedies have been exhausted." RCW § 64.40.030. But when an RCW § 64.40 claim arises from an alleged delay in issuing a permit, Washington courts have interpreted the statute of limitations to begin to run from the date on which a county should have issued a permitting decision. *Birnbaum v. Pierce Cnty.*, 167 Wn. App. 728, 733-34 (2012). RCW § 36.70B "requires local governments to maintain regulations that require a permit decision within 120 days." *Id.* at 733; RCW § 36.70B.080. The SMC similarly requires that "the city manager or designee shall issue a notice of a final decision on a project permit application within one hundred twenty days after

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
- 6

notification to the applicant that the application is complete." SMC § 17.06.040(A); *see also id.* § 17.06.040(A)(1) (providing that, in determining the number of days that have elapsed after such notice, any period during which the applicant has been requested to provide additional required information shall be excluded). The 30-day statute of limitations in which to file a claim for delay in issuing a permit under RCW § 64.40 therefore begins to run when project review has been pending for 120 days. *Birnbaum*, 167 Wn. App. at 734.

Assuming that Knockfierna submitted a complete application to the City, and using October 9, 2023 as the date on which the 120-day notification period commenced, Knockfierna had until March 7, 2024 to bring its RCW § 64.40 claim for permit delay. However, Knockfierna did not initiate this action until September 2024. *See* Compl. Accordingly, Knockfierna's permit delay claim is time-barred. *See Birnbaum*, 167 Wn. App. at 734; *John Ketch LLC v. San Juan Cnty.*, 759 F. Supp. 3d 1121, 1129-31 (W.D. Wash. 2024) (addressing a similar RCW § 64.40 claim on a motion to dismiss).

### 2. Knockfierna Has Not Shown that the City Imposed Improper Permit Conditions

RCW § 64.40 empowers permit applicants to challenge excessive permit conditions, which arise when an agency imposes "requirements, limitations, or conditions upon the use of real property in excess of those allowed by applicable regulations in effect on the date an application for a permit is filed." RCW § 64.40.010(6). "[RCW § 64.40.010(6)] focuses on the content of the final decision, the permit, and nothing else." *Birnbaum*, 167 Wn. App. at 735.

Knockfierna contends that the City's refusal to approve the building permits was based on improper considerations. Pl.'s Mot. at 15-18. However, Knockfierna fails to identify any evidence

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

- 7

establishing that the permit conditions imposed by the City were in excess of those legally allowed at the time that Knockfierna submitted its permit applications.

### 3. The City Provided Specific Reasons for Not Approving Knockfierna's Permits

Knockfierna asserts that the City's conduct was arbitrary and capricious because the City failed to provide specific written reasons for refusing to approve Knockfierna's permits. *Id.* at 17-19. The record belies Knockfierna's claim. The City clearly stated its reasons for not approving Knockfierna's permit applications on multiple occasions. *See* Pl.'s Attach. 1; Pl.'s Attach. 3. Notably, Hill's January 2023 letter denying Knockfierna's permit applications included a list describing the outstanding issues, which provided citations to the SMC and explanations of the City's interpretation of the relevant SMC provisions. Pl.'s Attach. 3. For example, the City explained why it believed that Knockfierna's planned renovations constituted a change in occupancy:

> 1) Change of use/occupancy. The proposed use of a "marijuana processing facility" is an F-1 occupancy per the currently adopted 2018 International Building Code including Washington amendment WAC section 306.2. This is a change in the "character of use" per the currently adopted 2018 International Existing Building Code section 506.1.1 from the previous use of "evergreen/floral processing", which was also an F-1 occupancy and only approved for the ground floor level. The second and third floor have never been approved for occupancy per the address file, therefore the second and third floor are a change of occupancy. The change of occupancy requires compliance with applicable codes at the time of application for alteration and improvement of the structure, pursuant to the IBC.

*Id.* at 17. And after additional exchanges between Hill and Knockfierna, Hill informed Knockfierna that it had not resolved the deficiencies noted in the January 2023 letter. Pl.'s Attach. 5. The City is entitled to summary judgment on Knockfierna's RCW § 64.40 claim.

### C. Knockfierna's Constitutional and 42 U.S.C. § 1983 Claims Fail

#### 1. The Fifth Amendment is Inapplicable

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

- 8

1    The Due Process Clause of the Fifth Amendment applies "only to actions of the federal
2  government—not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668,
3  687 (9th Cir. 2001); *see also Schweiker v. Wilson*, 450 U.S. 221, 227 (1981). Shelton, not being a
4  federal actor, Knockfierna has no Fifth Amendment claim.

### 2. Knockfierna Has No Fourteenth Amendment Claim

For both procedural and substantive due process claims, a plaintiff must first show a protected interest in life, liberty, or property. *Shanks v. Dressel*, 540 F.3d 1082, 1087, 1089 (9th Cir. 2008). Knockfierna has not shown that it had a constitutionally-protectible interest in the relevant building permits. The City is entitled to summary judgment on Knockfierna's Fourteenth Amendment claim.

### 3. Knockfierna Has No Washington State Constitution Claim

Like the Fourteenth Amendment, Article I, Section 3 of the Washington State Constitution provides, "No person shall be deprived of life, liberty, or property, without due process of law." Wash. Const. art. I, § 3. The Washington Constitution provides equal, but not greater, due process protection that the Fourteenth Amendment. *In re Personal Restraint of Dyer*, 143 Wn.2d 384, 394 (2001). The Court thus analyzes Knockfierna's due process claim brought pursuant to the Washington State Constitution under the same analytical framework as Knockfierna's Fourteenth Amendment claim. Doing so, the Court concludes that Knockfierna's state constitutional due process claim also fails because Knockfierna has not shown that it had a protected interest in life, liberty, or property. The City is entitled to summary judgment on Knockfierna's Washington State Constitution claim.

### 4. Knockfierna Has No 42 U.S.C. § 1983 Claim

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
- 9

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Furthermore, a government entity may not be held liable under § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind the violation of rights. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694-95 (1978).

Knockfierna has failed to establish any rights violation. There can be no municipal liability without an underlying rights violation. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). The City is entitled to summary judgment on Knockfierna's § 1983 claim.

### D. The Court Grants the City's Request for Reasonable Costs and Attorney's Fees Pursuant to RCW § 64.40.020

The City requests an award of reasonable costs and attorney's fees pursuant to RCW § 64.40.020. Def.'s Resp. & Cross-Mot. at 16. Knockfierna argues that the City's request for attorney's fees should be denied because Knockfierna's claims are legally sound and brought in good faith. Pl.'s Reply & Resp. at 9-10, Dkt. No. 22.

RCW § 64.40.020 provides that "[t]he prevailing party in an action brought pursuant to this chapter may be entitled to reasonable costs and attorney's fees." RCW § 64.40.020(2); *Manna Funding, LLC v. Kittitas Cnty.*, 173 Wn. App. 879, 900 (2013). The award of attorney's fees is left to the Court's discretion. The City is the prevailing party on Knockfierna's RCW § 64.40.020 claim. The Court, in the exercise of its discretion, awards the City reasonable costs and attorney's fees.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

- 10

## V.    CONCLUSION

For the foregoing reasons:

1. Knockfierna's motion for summary judgment (Dkt No. 18) is DENIED.

2. The City's motion for summary judgment (Dkt No. 20) is GRANTED.

3. The Court GRANTS the City's request for reasonable costs and attorney's fees pursuant to RCW § 64.40.020, in an amount to be determined at a later date. The City is DIRECTED to submit a fee petition by July 14, 2025.

DATED this 1st day of July 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge